IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## WILLIAM T. TAFF v. WILLIAM B. MILTON

**Direct Appeal from the Chancery Court for Sullivan County**
**No. 27347(B)  R. Jerry Beck, Judge**

---

**No. E1999-01174-COA-R3-CV - Decided May 25, 2000**

---

This is a suit by one co-guarantor of a note against another co-guarantor to collect one-half of the amount paid to retire the indebtedness guaranteed. After a full evidentiary hearing the Trial Court found in favor of the Plaintiff. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court affirmed**

GODDARD, P.J., delivered the opinion of the court, in which FRANKS and SWINEY, JJ., joined.

Carl W. Eilers of Kingsport, Tennessee, and Thomas F. Bloom of Nashville, Tennessee, for the appellant, William B. Milton

Robert Payne Cave of Greeneville, Tennessee, for the appellee, William T. Taff

## OPINION

In this suit, the Plaintiff, William T. Taff, sues the Defendant, William B. Milton, to recover one-half of the amount Mr. Taff paid to retire a note which was guaranteed by both Mr. Taff and Mr. Milton.

After a full evidentiary hearing the Trial Court entered a memorandum opinion in favor of Mr. Taff, resulting in this appeal, wherein Mr. Milton raises the following issues:

I. Whether Defendant Milton agreed, either orally or in writing, to assume one-half of the liability for the Fellers note.

II.  Whether Plaintiff Taff's recovery can be sustained under the equitable theory of contribution.

In non-jury cases, under Rule 13 of the Tennessee Rules of Appellate Procedure, the findings of fact, although not conclusions of law, are presumed to be correct unless the evidence preponderates otherwise.

The Trial Court filed an excellent and well-reasoned opinion, which is attached hereto as Appendix A.  We find that the evidence does not preponderate against the Trial Court's findings of fact and that the conclusions of law he applied thereto were appropriate.  We accordingly adopt his memorandum opinion as the opinion of this Court.

Before concluding, we observe that if Mr. Milton is correct in his assertion that he has no liability under the facts of this case to Mr. Taff, we wonder if he would take the same position had the holder of the note, or even Mr. Taff, if he had purchased rather than paid the note, sued Mr. Milton for the entire balance owed.  We think not.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below.  Costs of appeal are adjudged against Mr. Milton and his surety.